CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 18 2012

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH LAMONTE HILL, | CASE NO. 7:12CV00172 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| BILL PARKER, | By: James C. Turk |
| | Senior United States District Judge |
| Respondent. | |

Keith Lamonte Hill, a Virginia pretrial detainee proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Hill challenges the validity of his confinement under pending indictments issued against him in the Campbell County Circuit Court and the Circuit Court for the City of Lynchburg. Upon review of the record, the court concludes that Hill's petition must be summarily dismissed, because Hill has not exhausted state court remedies as required.

Hill asserts that the charges pending against him in these two Virginia jurisdictions are based on evidence obtained illegally, using a global positioning system ("GPS") device attached to Hill's vehicle by a law enforcement officer acting outside of his jurisdiction. Both courts have denied motions by Hill's defense counsel to suppress this evidence. State court records in both jurisdictions indicate that Hill has not yet been convicted or sentenced on any of the charges.[1] Likewise, state court records do not reflect that Hill has pursued his current claims in any higher state court proceeding, such as an appeal or a habeas corpus petition.

---

[1] A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

With few exceptions, a person detained under state court charges must exhaust available state court remedies, in the criminal proceedings and through appeal and habeas corpus proceedings in the state courts, before a federal court can collaterally review the validity of that person's confinement. Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). Moreover, federal habeas relief for state prisoners "is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Williams v. Simmons, Civil Action No. 3:10CV709–HEH, 2011 WL 2493752, *1 (E.D. Va. 2011) (quoting Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009)).[2] To satisfy the exhaustion requirement, petitioner must seek review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Hill's § 2241 petition offers no indication that Hill has presented his suppression claim to the Supreme Court of Virginia through appeal or habeas corpus proceedings as required for exhaustion. Hill's failure to exhaust his state remedies mandates summary dismissal of his petition without prejudice. Williams, 2011 WL 1827868, at *2. An appropriate final order will be entered this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 18th day of April, 2012.

/s/ James C. Turk
Senior United States District Judge

---

[2] See also Brazell v. Boyd, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. 1993) (concluding that habeas relief under § 2241 is available to pretrial detainee only if petitioner has exhausted state court remedies and special circumstances justify federal collateral review (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489-92 (1973); Younger v. Harris, 401 U.S. 37, 49 (1971); Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir. 1987)).